(No. 3816—

BEN GOLD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

WHITE & WHITE, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

At the March term, 1945, this court had under consideration a complaint filed in the above entitled cause, seeking an award under the Workmen's Compensation Act, for permanent partial loss of use of claimant's right leg, due to an injury sustained by him in the course of his employment for respondent, at the Illinois Industrial Home for the Blind, 1800 Marshall Boulevard, Chicago, Illinois. He also sought an award for approximately $600.00 which he claimed to have paid for hospitalization and medical services on account of said injury.

After a full consideration of the record, we found that we were unable to determine the amount of the

award, if any due to claimant. No bill of particulars was filed as required by Rule 6 (a) of this court. We held that the proof offered was insufficient for determination of any award, retained jurisdiction, and ordered that the claimant be given thirty days in which to offer additional proof in support of his claim.

On the 13th day of April, 1945, additional testimony was taken in support of said claim. Dr. Robert Elliot, Loyola University, with offices at 3559 North Ashland Avenue, Chicago, was called to testify on behalf of claimant. His qualification as an industrial surgeon was admitted by the respondent. He testified that he examined the claimant on the 10th day of October, 1944, for the purpose of testifying in the case as an expert witness. He testified that objectively he found the right ankle was swollen; claimant had a limping gate, there was some loss of functional use of the ankle joint, and the objective findings were permanent. The claimant was called to testify in his behalf, and in response to a question he answered that his right limb was weaker than before the injury, he had a decided limp when he walked, and that he suffered constant pain, especially during the change of weather.

During the course of the hearing, six exhibits were introduced and admitted in evidence by agreement, representing expenditures made by claimant in his effort to be relieved from the effects of the injury sustained as aforesaid and are as follows: Dr. Charles M. Jacobs $200.00; St. Anthony Hospital $6.70; Mt. Sinai Hospital $312.02; Dr. Urbanek $5.00; Mt. Sinai Hospital $3.75; Mt. Sinai Hospital $5.00; Total $532.47.

It is stipulated that the injury sustained by the claimant on the 18th day of January, 1943, arose out of and in the course of his employment with the respond-

ent; that the claimant notified the respondent of the accident within 30 days and claim for compensation was made within six months as required by the Act; that the annual wage of the claimant for the year preceding the date of the accident was $1,200; that medical treatment on account of said accident was partially furnished by the respondent and the claimant was paid all temporary disability compensation and had no children under the age of sixteen years dependent upon him for support.

The record discloses that the respondent furnished only partial medical and hospital services. Under Section 8 (a) of the Workmen's Compensation Act, claimant is entitled to have such care as is reasonably required to relieve him of the effects of the injury. It appears from the record that the services claimed were necessary and that the charges therefor were reasonable and just.

Claimant's annual wage being $1,200.00, his weekly wage is $23.07 and his compensation rate is $12.69.

From a consideration of the additional testimony, we make the following award:

The sum of $532.47 representing expenditures by claimant for necessary hospitalization, medicines, etc. The evidence in this case justifies a ten per cent award for the permanent partial loss of use of claimant's right leg; amounting to the sum of $241.11, making a total award of $773.58, all of which has accrued and is payable in a lump sum.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."